FILED

May 26 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 09-0533

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 119N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

LEWIS PRICE, III,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DC 05-20
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender; Taryn Stampfl Hart, Assistant
          Appellate Defender; Helena, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Tammy K. Plubell,
          Assistant Attorney General; Helena, Montana

          Catherine Truman, Special Deputy Carbon County Attorney, Helena,
          Montana

                Submitted on Briefs:  April 28, 2010
                        Decided:  May 26, 2010

Filed:

             _____
                        Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Lewis Price, III (Price) appeals from the order of the Twenty-Second Judicial District Court, Carbon County, sentencing him to ten years in Montana State Prison (MSP) and designating him ineligible for parole. We affirm.

¶3      The issue on appeal is whether this Court should invoke plain error review of Price's claim that the State breached the plea agreement.

¶4      Price was convicted of assault with a weapon in 2005. The District Court sentenced Price to forty years in MSP and designated him as a persistent felony offender. We affirmed his conviction in *State v. Price*, 2007 MT 269, 339 Mont. 399, 171 P.3d 293.

¶5      On October 21, 2008, Price filed a petition for post-conviction relief. He raised six grounds of ineffective assistance of counsel. The State and Price subsequently filed a stipulation in which both parties agreed that the District Court should grant Price's petition for post-conviction relief and remand the matter for a new trial.

¶6      The parties subsequently entered into a plea agreement whereby Price agreed to plead guilty to the amended offense of criminal endangerment. The agreement provided that the State would withdraw its request for persistent felony offender status and recommend a ten-

2

year prison sentence with all but time served suspended. The agreement also stated that "the victim of the offense may testify concerning this recommendation for sentencing, as well as the probation officer," and that "[t]he parties agree that at the sentencing hearing, the State and the Defendant may present and argue evidence in support of the plea agreement." The agreement expressly provided that the District Court was not bound by the terms of the plea agreement.

¶7     On June 11, 2009, the District Court accepted the parties' agreement and held a change-of-plea hearing. Both parties agreed to proceed immediately with sentencing. The State offered, and the District Court accepted, written statements from both the victim and a witness who had previously testified at Price's trial that requested that Price not be released from prison. Price's counsel did not object to the introduction of the witness statement. The State recommended a ten-year prison sentence with all but time served suspended. The District Court sentenced Price to ten years in MSP and designated him ineligible for parole. The court explained that "[a]nd in this case a fourth violent felony needs to have the appropriate consequences."

¶8     Price contends on appeal that the State breached the plea agreement when it offered the witness statement. He argues that this Court should exercise plain error review and remand this case to the District Court for resentencing by a different judge in accordance with the plea agreement.

¶9     "We apply plain error review only in situations that implicate a defendant's fundamental constitutional rights when failing to review the alleged error may result in a

3

manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process." *State v. Thorp*, 2010 MT 92, ¶ 23, 356 Mont. 150, ___ P.3d ___. This Court invokes plain error review sparingly. *Id.*

¶10    We conclude that Price has failed to demonstrate that failure to review his claim would result in a "manifest miscarriage of justice." *Id.* It is questionable whether any error occurred at all, much less one plainly implicating Price's constitutional rights. We refuse to invoke plain error review.

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit. The legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted.

¶12    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ JAMES C. NELSON

4