DA 11-0532

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 38N

LEWIS PRICE, III,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DV 11-65
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Lewis Price, III (self-represented litigant); Deer Lodge, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Sheri K. Sprigg,
Assistant Attorney General, Helena, Montana

          Alex Nixon, Carbon County Attorney, Red Lodge, Montana

Submitted on Briefs:  January 25, 2012

Decided:  February 14, 2012

Filed:

                                 _____
                                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Lewis Price, III appeals from the District Court's "Order Denying Petition for Postconviction Relief" filed August 19, 2011. We affirm.

¶3 On appeal Price contends that the District Court erred in determining that Price's attorney was not ineffective at sentencing for failing to object to admission of letters from the victim and a witness; in determining that Price's sentence was not based upon false information; and in determining that Price's attorney was not ineffective in withdrawing Price's pro se motion to disqualify the District Court judge for cause.

¶4 Price was convicted of assault with a weapon after a bench trial in 2005, and sentenced to forty years in prison as a persistent felony offender. This Court affirmed that conviction. *State v. Price*, 2007 MT 269, 339 Mont. 399, 171 P.3d 293. In 2008 Price filed a petition for postconviction relief, raising claims of ineffective assistance of counsel. Price and the State stipulated that the District Court should grant the petition and remand for a new trial. On remand Price and the State entered a plea agreement under which Price pled guilty to criminal endangerment, and the State agreed to drop the request for persistent felony offender designation. The District Court held a combined

hearing to receive the change of plea and to pronounce sentence. After that hearing the District Court sentenced Price to ten years in prison without the possibility of parole.

¶5 Price appealed, contending that the State breached the plea agreement by offering the victim and witness statements at hearing. This Court declined Price's request to review this issue as plain error and affirmed the sentence. *State v. Price*, 2010 MT 119N, 357 Mont. 559 (table), 236 P.3d 2 (table). Further, by Order filed May 25, 2011, this Court denied Price's motion to disqualify the District Court judge for cause, finding that Price's grounds for disqualification were insufficient under § 3-1-805, MCA. *Price v. State*, Cause No. PR 06-0120. Price subsequently filed the instant postconviction relief proceeding.

¶6 Price did not provide a copy of the plea agreement as part of the record on appeal. The agreement was quoted in part in Price's 2010 appeal. 2010 MT 119N, ¶ 6. The plea agreement provided in part that the State would recommend a suspended ten-year sentence except for time served, and that "the victim of the offense may testify concerning this recommendation for sentencing, as well as the probation officer." The State recommended a sentence in accordance with the plea agreement, and offered written statements by the victim and by a witness.

¶7 Price contends that this was a violation of the plea agreement, which he construes to limit the State to offering *only* live testimony and only from the victim or the probation officer. The plea agreement does not expressly provide any such restrictions, and hearsay evidence may be considered at sentencing. *State v. Dunkerson*, 2003 MT 234, ¶ 26, 317 Mont. 228, 76 P.3d 1085. In addition, even without the language of the plea agreement

3

Montana law specifically provides that a court "shall permit the victim to present a statement" about the crime and her "opinion regarding appropriate sentence." Section 46-18-115(4)(a), MCA. There was therefore no factual or legal basis for a claim that Price was afforded ineffective assistance of counsel.

¶8 Price contends that the District Court unfairly based his sentence was upon false information, referring to him as a violent offender with a violent criminal record. The record is clear that Price had prior convictions for voluntary manslaughter and felony intimidation. Therefore, the District Court properly noted these facts in pronouncing sentence and there is no basis for error.

¶9 It is clear that this Court's Order of May 25, 2011 disposes of Price's issue concerning his attempt to disqualify the District Court judge for cause. As this Court determined at that time, Price's affidavit was insufficient as a matter of law to support a disqualification for cause under § 3-1-805, MCA, and was void as a matter of law. Therefore, there is no factual basis for an argument that Price's attorney failed to provide effective assistance by withdrawing that affidavit.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶11 Affirmed.

/S/ MIKE McGRATH

4

We concur:


/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS